Martin v. Wharton.

————————

38   637
93   236

38   637
121   177

## MARTIN *vs.* WHARTON.

[ACTION ON NOTE GIVEN FOR PURCHASE-MONEY OF LAND.]

1. *When misrepresentation constitutes fraud.*—A statement by the vendor, made pending the negotiations between him and the purchaser, to the effect that his wife, if she survived him, would only be entitled to dower in the lands of which he died seized and possessed, and not in lands sold and conveyed by him during the coverture, is a misrepresentation as to a matter of law, and does not constitute a fraud.

2. *Statute of frauds, as to contracts required to be in writing; averment of.* In pleading or declaring on a contract which is required to be in writing, (Code, § 1551,) it is not necessary to aver that it was reduced to writing.

3. *Same; contract for sale of land, &c.*—A promise by the vendor, made pending the negotiations between him and the purchaser, to procure a relinquishment of his wife's right to dower in the lands, is within the statute of frauds (Code, § 1551).

4. *Set-off for damages available at law, in action for purchase-money.*—Under section 2440 of the Code, a cross demand, growing out of a defect in the vendor's title, is available as a set-off in an action on the notes for the purchase-money, although the purchaser is in possession of the lands; but, before the Code was adopted, the law was otherwise.

5. *Inchoate right of dower not available as set-off.*—An inchoate right of dower cannot be measured accurately by any pecuniary standard; consequently, damages for the breach of a promise to procure a relinquishment of such right, or to indemnify against it by bond with surety, is not available as a set-off to the purchaser, (Code, § 2240,) in an action on the notes given for the purchase-money of the lands.

APPEAL from the Circuit Court of Cherokee.
Tried before the Hon. S. D. HALE.

THIS action was brought by Jacob Wharton, against Jesse Martin; was founded on the defendant's promissory note, under seal, for three hundred dollars, dated the 10th November, 1856, and payable on the 25th December, 1857; and was commenced on the 25th February, 1858. The defendant filed three special pleas,—the last of which averred a failure of consideration; and the others were in the following words:

"1. For answer to the complaint, defendant says, that the note sued on was given in part payment of a tract of land, bought by defendant from plaintiff; that defendant, while negotiating with plaintiff for said land, refused to pay the price asked by plaintiff, because he supposed that plaintiff's wife, then and now living, upon the death of plaintiff before her, would be entitled by law to a dower interest in said land; that plaintiff averred that such was not the case—that his wife would, in no event, be entitled to dower in the land sold by him in his life-time, but would only be entitled to dower in the lands owned and possessed by him at the time of his death; and he assured defendant that if he would buy the land, they would get information as to the law of the case, and, if it was true that his wife, if living at his death, would be entitled to dower in said

land, he would procure a relinquishment of dower to said land from his wife, and deliver it to defendant, or would give defendant bond, with good and sufficient sureties, to indemnify him against all loss or damage on account of her said right to dower. And defendant says, that thereupon, in consideration of plaintiff's said promises, as well as in consideration of said land, defendant executed said note to plaintiff, and received from plaintiff his absolute deed of conveyance to said land, with covenants of warranty, and went into possession of said land ; that afterwards, being advised that the law as to dower was not and is not as represented by plaintiff, defendant demanded of plaintiff the relinquishment of dower by his wife, or his bond with surety against said dower claim, according to his agreement ; but plaintiff failed and refused to give defendant either the relinquishment or the bond. And defendant avers, that a relinquishment of said dower interest cannot be procured from plaintiff's wife for less than two hundred and fifty dollars ; that said land is of less value, by the said sum of two hundred and fifty dollars, by reason of the incumbrance of said claim of dower ; and that he is in fact damaged to the extent of two hundred and fifty dollars ; and he asks that he be allowed said sum of two hundred and fifty dollars, by way of set-off against the note sued on, on account of said incumbrance and plaintiff's breach of his said promise."

"2. And for a further answer to said complaint, defendant says, that the execution of the note sued on was procured by the false and fraudulent representations of plaintiff, in this: that by law the land, for part of the purchase-money of which said note was given, would not, in the event of the death of plaintiff before his wife, then and now living, be subject to a claim of dower by plaintiff's widow; that the widow of a deceased husband was not, by the laws of Alabama, entitled to dower in any lands, except those in possession of which the husband died, and not to the lands sold and conveyed by him in his life-time. And defendant says, that, confiding in said representations

of the law, he was induced to execute said note; and he avers, that plaintiff then had, and now has, a wife who, if living at the death of plaintiff, will be entitled to a dower interest in said lands; and that the value of said lands is greatly lessened by reason of said incumbrance, and he is damaged to the extent of two hundred and fifty dollars, which he asks to set off against plaintiff's demand."

The plaintiff demurred to each of these pleas, and assigned the following as grounds of demurrer to each: " 1st, that defendant, having received an absolute deed, with warranty of title and against incumbrances, and having gone into possession of the land, cannot defend in this court, under the contract for indemnity against the wife's dower; 2d, that a mistake, or misstatement, as to a matter of law, is no fraud, where the opportunities of the parties to know the law are equal; and, 3d; that a parol contract for the sale of lands, or a parol promise to indemnify against incumbrances, is void at law, unless reduced to writing, and signed by the promisor, or by some one by him authorized, and, if any such promise was made and in writing, it should be so averred in the plea." The court sustained the demurrer to both pleas,. and issue was then joined on the third plea. On the trial, as the bill of exceptions shows, the plaintiff having read in evidence the note on which the suit was founded, the defendant offered proof of the facts alleged in the special pleas above copied; which evidence the court excluded, and the defendant excepted to its rejection.

The rulings of the court on the pleadings and evidence, adverse to the defendant, are now assigned as error.

M. J. Turnley, for appellant.
Thos. B. Cooper, *contra*.

STONE, J.—[1.] The second plea in this cause complains only of a misrepresentation of a matter of law,—a question alike open to both parties; and the demurrer to it was rightly sustained.—*Townsend v. Cowles*, 31 Ala. 428–35.

Martin v. Wharton.

[2–3.] The first plea claims a set-off by reason of an alleged incumbrance on the vendor's title; the incumbrance being an inchoate right of dower in the premises, existing and unrelinquished in the vendor's wife. The averment of the plea is, that the vendor, as part consideration of the note sued on, agreed to procure the relinquishment of his wife's dower, or, failing in that, to give the purchaser bond, with surety, to indemnify him against all damage and loss on account of her said right to dower in said land. It is objected to this plea, that the promise to obtain a relinquishment of the vendor's wife's right to dower, is void under the statute of frauds. It is not necessary that a promise, such as this, shall, in the declaration or plea, be averred to be in writing; that question arises on the proof.—Browne on the Statute of Frauds, § 505; 1 Chit. Pl. 480; *Rigby v. Norwood*, 34 Ala. 129. But, as this same question arose on an offer of testimony, it is proper for us to say, that the vendor's promise to procure a relinquishment of his wife's right to dower in the lands was void under the statute of frauds, unless in writing, &c., as required by section 1551 of the Code.—See Browne on Stat. Frauds, §§ 232, *et seq.; Chiles v. Woodson*, 2 Bibb, (Ky.) 71; *Campbell v. Taul*, 3 Yerg. 548, 557.

[4.] A second objection to this plea is, that a set-off growing out of a defect in the vendor's title, the purchaser being in possession, can not be maintained against a suit for the purchase-money. Such was the law before the Code.—See authorities collected in *Kelly v. Allen*, 34 Ala. 668. The Code, however, changed the rule, and allows this defense to be made to a suit on the note.—*Holly v. Younge*, 27 Ala. 203; *Gibson v. Marquis*, 29 Ala. 672–3.

[5.] The promise, then, for a breach of which damages are claimed, was to procure a relinquishment of the right of dower existing in the vendor's wife, or to give the purchaser indemnity against that incumbrance, in form of a bond with surety. Each of these alternative promises looks to appellant's security against the inchoate, contingent right of dower, which Mrs. Wharton may have in the

lands. The value of this inchoate interest is the measure of the incumbrance, and, as a corollary, must define the measure of the defendant's damages for a breach of the promise. What is the value of her dower interest? Can it be ascertained? It must, in the nature of things, depend, first, on the contingency whether Mrs. Wharton survive her husband. If she does not, her dower right can never mature, and can never disturb appellant in his possession. In cases of dower rights, perfected by the death of the husband, leaving a wife surviving, we have uniformly held, that no absolute money valuation can be fixed upon them, by reason of the uncertain duration of the life of the dowress.—See the forcible remarks of Justice Ormond on this subject, in the leading case of *Beavers v. Smith*, 11 Ala. 33. To the same effect, see, also, *Johnson v. Elliott*, 12 Ala. 114; *Potier v. Barclay*, 15 Ala. 448; *Fry v. Merchants' Ins. Co., ib.* 815; *Parks v. Brooks*, 16 Ala. 329; *Springle v. Shields*, 17 Ala. 298; *McLemore v. Mabson*, 20 Ala. 139; *Thrasher v. Pinckard*, 23 Ala. 620; 7 Cranch, 580.

In the case of *Holley v. Younge*, (27 Ala. 206,) this court allowed the defense of set-off to be made, although the foundation of the set-off sounded in damages. The language of the court, in that case, is, "A demand, not soundings in damages merely, is one which, when the facts upon which it is based are established, the law is capable of measuring accurately by a pecuniary standard."

In this case, after all the existent facts are established, the damages cannot be correctly measured by any pecuniary standard. No human skill can foretell, or conjecture, the probable duration of either Mr. or Mrs. Wharton's life. This, *certainly* in the absence of organic disease, would be a subject on which the most skillful expert would not be allowed to give his opinion in evidence. There being no standard by which to measure the appellant's damages resulting from the alleged breach of the vendor's promise, we hold, that the first plea was defective, and the demurrer to it rightly sustained. Whether the appellant is entitled to any other relief, we do not decide.

Affirmed.