DEAN et al. v. A. G. McADAMS LUMBER CO. (No. 692.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 12, 1914. Rehearing Denied Jan. 23, 1915.)

1. LIMITATION OF ACTIONS (§§ 13, 100*) — PLEADING AS DEFENSE—ESTOPPEL.

Where a surety on a contractor's bond, who was not liable thereunder to materialmen, told a materialman in good faith that he was liable for all materials furnished the contractor, he was not thereby estopped from pleading limitations in answer to an amended petition stating a cause of action for such false representations, in an action in which the original petition sought to recover on the bond, and limitations ran against such cause of action from the time that the materialman saw the bond, or by the use of reasonable diligence might have seen it, as the materialman was presumed to know the law, and, when he became familiar with the provisions of the bond, was not entitled to rely on the surety's misrepresentation as to a matter of law.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 56–58, 323, 480–493; Dec. Dig. §§ 13, 100.*]

2. SALES (§ 358*)—ACTION FOR PRICE—EVIDENCE—RELEVANCY—VALUE.

In an action against a contractor for the value of lumber furnished for use in the construction of a school building, where the contractor by sworn plea denied some of the items and amounts shown on the account, and testified that the price paid was the wholesale price, plus

$2.50 per thousand feet, an estimate by the superintendent of the building, showing the amount and value of the material used to a certain date in the construction of the building, practically all of the data for which estimate was obtained from the contractor, was properly admitted upon the issue of value.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1049–1055; Dec. Dig. § 358.*]

Appeal from District Court, Hardeman County; J. A. Nabers, Judge.

Action by the A. G. McAdams Lumber Company against W. A. Dean, W. E. Givens, and others. From a judgment for plaintiff, the defendants named appeal. Affirmed in part, and reversed and rendered in part.

Fires, Decker & Clarke, of Quanah, for appellants. Jos. H. Aynesworth, of Childress, and W. T. Perkins, of Quanah, for appellee.

HALL, J. The appellee Lumber Company brought this suit against W. A. Dean and W. R. Edwards, for the value of certain lumber and materials used by Dean and Eubanks in the construction of a school building for the Quanah Independent School District. It joined in the action W. E. Givens and J. W. Allen. The original petition sought to recover against Givens and Allen upon a certain bond given to the school board of the district guaranteeing the faithful performance of the contract entered into between said district and Dean and Eubanks, the contractors. The original petition was filed January 31, 1911. On March 9, 1914, appellees filed their first amended original petition, alleging that W. E. Givens, as an inducement to plaintiff to furnish said lumber and materials, represented to plaintiff "that he (the defendant, W. E. Givens) has executed and delivered his written obligation and bond for the construction of said school building, which obligation and bond defendant then and there represented, bound, and obligated him (the said W. E. Givens), personally, to pay for all materials that might be bought by defendants and used in the construction of said building, and that such bond and obligation made him liable and bound to pay plaintiff for any materials that it might sell and deliver to defendants for use in the construction of said school building," and sought to recover for such false representations. To the cause of action thus pleaded, defendant Givens set up the statute of limitations of two years. In reply to this plea, appellees alleged that Givens was estopped from pleading limitation by his statement that he was personally bound for the debt by reason of terms the bond above mentioned. There was a verdict and judgment against Dean and Eubanks, the contractors, and against Givens for the amount of the debt, but in favor of Allen. From this judgment Dean and Givens have appealed.

[1] The bond executed by Givens and Allen is identical in its terms with the bond

sued upon and discussed in Garrett et al. v. A. G. McAdams Lumber Co., 163 S. W. 320, and in Republic Guaranty Co. v. Wm. Cameron & Co., 143 S. W. 317, and, for the reasons stated there, could not be a basis for recovery against Givens in this suit. It is contended by appellant Givens that the representations alleged to have been made by him and which appellees contend estopped him from pleading limitation, are: First, the execution of a bond to the school district, which is true; and, second, the expression of an opinion as to the legal effect of the bond, which is a conclusion of law, and that he is therefore not estopped. The bond having been executed, the representation was true to that extent, and, but for the rule of law announced in the two cases above cited, the entire statement made by Givens would have been literally true. By reason of the rule of law, Givens was not personally responsible for the indebtedness sued upon. His statement was made in good faith, and we do not believe he should be estopped thereby from pleading limitations. Appellees are presumed to know the law, and having sued upon the bond more than two years before the amended petition was filed, and being, of course, familiar with its provisions, they must be held to have known that the bond did not bind Givens; that his representation in that particular was untrue, as a matter of law. They could not, therefore, rely upon it. Where, by fraudulent representations of a material fact, the defendant has induced the plaintiff to postpone the filing of the suit until plaintiff's claim is outlawed, the defendant will be estopped from relying upon the statute of limitations. But misrepresentation as to a matter of law is merely an expression of opinion and will not generally support an action for fraud and deceit. Martin v. Wharton, 38 Ala. 637; Burt v. Bowles, 69 Ind. 1; Franklin Ins. Co. v. Villeneuve, 25 Tex. Civ. App. 356, 60 S. W. 1014.

Since appellee had no right to rely upon the opinion as to the legal effect of the bond, expressed by Givens, the statute of limitations commenced to run when appellant saw the bond, or by the use of reasonable diligence might have seen it. This, according to the record, was not later than January 31, 1911, the date upon which the suit was filed. The plea of limitations should have been sustained.

[2] Appellant Dean assigns as error the action of the court in admitting in evidence the estimate made by the superintendent of the building, showing the amount and value of the material used to a certain date in the construction of the building. It was shown that practically all of the data from which the estimate was made was obtained from Dean. He testified that the price paid was the wholesale price, plus $2.50 per thousand feet. He had by sworn plea denied some of the items and the amounts shown on the account. Under these circumstances, the estimates were admissible upon the issue of value. Carver v. Power State Bank, 164 S. W. 892; Paine v. Argyle & Co., 133 S. W. 895; Memphis Cotton Oil Co. v. Goode, 171 S. W. 284.

It is unnecessary to dispose of the remaining assignments. The judgment as to appellant Givens is reversed and rendered, and in all other particulars is affirmed.

Affirmed in part, and reversed and rendered in part.