EQUITABLE SURETY CO. v. MOSHER MFG. CO. (No. 7902.)

(Court of Civil Appeals of Texas. Dallas. March 23, 1918. Rehearing Denied April 20, 1918.)

COUNTIES ⬤123—CONTRACTOR'S BOND — EXTENT OF LIABILITY.

A surety bond given by a contractor to a county, to secure performance of a contract to build a courthouse, was conditioned by the defeasance clause on the faithful performance of the contract by the principal and on payment of all claims for labor and material used in the construction of the building. The contract stipulated that the contractor was to provide all materials and perform all work for the building, but neither it nor the bond contained any affirmative promise by the principal in the bond to pay the claims of materialmen. *Held*, that the bond was one of indemnity to the county alone, and did not secure the claims of materialmen, nor give them a right of action on the bond.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit by the Mosher Manufacturing Company against the Equitable Surety Company and another. Judgment for plaintiff, and the named defendant appeals. Reversed and rendered.

Hunt & Teagle and Gill, Jones, Tyler & Potter, all of Houston, for appellant. Holloway & Holloway, of Dallas, and Campbell & Sewell, of Palestine, for appellee.

TALBOT, J. This suit was brought by the appellee, Mosher Manufacturing Company, against M. P. Kelley, as principal, and the appellant, Equitable Surety Company, as surety, on a bond for the erection of a courthouse for Anderson county, Tex. The case was tried on an agreed statement of facts. It was alleged and proved, in substance, that about May 20, 1913, the defendant Kelley entered into a contract in writing with Anderson county to construct the Anderson county courthouse at Palestine, Tex., and complete the same at a contract price of $148,438; that on the 6th day of June, 1913, the defendant Kelley, as principal; and defendant Equitable Surety Company, as surety, entered into a contract bond payable to Anderson county in the penal sum of $74,219, and conditioned upon Kelley's faithful performance of the contract and payment of all claims for material and labor used in the building; that under contracts between plaintiff and Kelley the plaintiff had furnished material for the building, and the defendant Kelley was indebted to plaintiff therefor in the sum of $4,879.25 and interest, which materials were furnished Kelley by plaintiff prior to the time the county took over the completion of the work from Kelley; that thereafter Kelley became insolvent and abandoned the work and left the state, and the building was completed by the county at a net loss to the county of $4,100.86 over and above the contract price agreed to be paid to Kelley, for which amount the county had been reimbursed by the defendant surety company and upon which payment the county had released the surety company from any further liability to Anderson county on the bond; and that, by reason of the premises, Kelley as principal, and the Equitable Surety Company as surety, were obligated to pay plaintiff's claim. The defendant Equitable Surety Company answered, in effect, denying all material allegations in plaintiff's petition except such as were confessed. The case was dismissed as to M. P. Kelley, whose whereabouts were unknown. The bond recites the award of the contract, and that:

"As part of said award M. P. Kelley is required to enter into contract in writing as per draft thereof hereto attached and execute this bond."

The defeasance clause of the bond reads thus:

"Therefore, should the said Kelley faithfully and fully perform, discharge and carry out all the things by him agreed to be done in his said contract within the time and in manner and form as therein set out and pay all claims for labor and material used in the construction of said building and fully indemnify and save the said Anderson county, Tex., harmless against all loss, damages and costs which he may suffer or incur by reason of the failure of the said M. P. Kelley to carry out and perform said contract, then this obligation shall become void; otherwise it shall remain in full force and effect."

Article 1 of the contract stipulates that:

"The contractor shall and will provide all materials and perform all the work for the building of the Anderson county courthouse at Palestine, Tex., with basement and three stories and dome

as shown by the drawings and described in the specifications prepared by C. H. Page & Bro., of Austin and Houston, Tex., architects."

And article 5 provides that:

"Should the contractor at any time refuse or neglect to supply a sufficiency of properly skilled workmen or materials of proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements herein contained, such refusal, neglect or failure being certified by the architects, the owner shall be at liberty after three days' written notice to the contractor to provide such labor or materials and to deduct the cost thereof from any money then due or thereafter to become due to the contractor under this contract; and if the architects shall certify that such refusal, neglect or failure is sufficient ground for such action, the owner shall also be at liberty to terminate the employment of the contractor for said work and * * * take possession for the purpose of completing the work, etc."

The said contract contains no promise by the contractor, Kelley, to pay claims for labor and material. In an addenda to the contract there is a provision that:

"In case of the death or mental or physical incapacity of the contractor, the county of Anderson may complete the building, for and on account of the contractor, settlement to be made in accordance with an estimate to be made by the architect; that in making the estimate" the architect shall deduct and pay any lawful items for material or labor due by the said Kelley and charge the same to his account.

Anderson county took over the work and proceeded under said article 5 of the contract to complete the building. At the time Kelley abandoned the work, the county had paid to him $6,359 on account of material furnished by the appellee, and by contract with the county the appellee agreed to furnish the rest of the material called for by its contract with Kelley, "understanding that $6,359, which has been paid to Mr. Kelley on this work, is to be deducted from the amount of our contract, and we will complete the work for $3,600, and that the said $6,359 is to be paid after the completion of the building, if there is a sufficient fund to do so; otherwise, this amount will have to be collected from either Mr. Kelley or his bondsmen."

The case was tried without a jury, the court filing conclusions of fact and law, and judgment rendered in favor of the appellee against the appellant for the sum of $5,571.10. From this judgment the appellant perfected an appeal.

The first assignment of error, which is submitted as a proposition, is as follows:

"The bond sued on herein, given to indemnify the owner of the building against the breach of the original builder's contract, being by its terms a bond of indemnity to the owner alone, no cause of action exists thereon in favor of subcontractors or persons who furnished material to the contractor, and the court erred in holding that such materialmen and subcontractors were beneficiaries thereunder and entitled to judgment against this surety for their claims against the original contractor."

The question is whether the bond sued on was a bond of indemnity to the county of Anderson alone, or one securing to materialmen the payment of their claims and upon which they have a right of action in their own names. We think it must be held, under decisions of the appellate courts of this state, that the bond in question is merely one of indemnity to Anderson county against any failure on the part of M. P. Kelley to furnish the labor and materials and to erect and complete the courthouse agreed to be built, in accordance with the terms and provisions of the contract entered into between the parties, and does not give a right of action to the materialmen against the surety upon the bond. Like the cases to which we refer above, there is no affirmative promise by Kelley in the contract entered into between him and the county, nor by him or the surety in the bond under consideration, to pay the claims of materialmen. It is true the defeasance clause of the bond reads that:

"Should the said M. P. Kelley faithfully and fully perform, discharge and carry out all things by him agreed to be done in his said contract within the time and in the manner and form as therein set out, and pay all claims for labor and material used in the construction of the said building (italics ours), etc., the bond shall become void; otherwise it shall remain in full force and effect."

But in General Bonding & Casualty Ins. Co. v. Waples Lumber Co., 176 S. W. 651, it was held that language almost identical with that quoted did not "express an affirmative promise to the materialmen or for their benefit." It is also held in that case (which is elementary) that surety bonds on building contracts are not to be construed as contracts of insurance, but as the obligation of a surety, and to be strictly construed; that in the absence of allegations of ambiguity, or fraud, or accident, or mistake, in the execution of the contract, or pleading seeking a reformation of either, which is the case in the present suit, the obligation of a surety cannot be extended beyond the plain import of the language used in the writing. As pointed out by counsel for appellant, there is in the language of the bond sued on no affirmative promise on the part of appellant that it would pay claims for labor and material in the construction of the building, and there is no such promise that it would do anything; but the language of the entire bond constitutes merely a statement of the conditions under which the surety will become liable to Anderson county for such portion of the penal sum named in the bond as the county may be damaged by the breach thereof. Stated differently, it is not an undertaking on the part of the appellant, the surety, to do the things mentioned in the condition clause of the bond, but merely to indemnify Anderson county for any loss it may sustain by reason of Kelley's failure to do those things.

In National Bank v. Railway Co., 95 Tex. 176, 66 S. W. 203, the defeasance clause of

the bond, so far as need be stated, was in this language:

"Now, the condition of this obligation is such that if the said above bounden E. B. Evans and C. A. Hoshour shall well and faithfully pay to all laborers, mechanics, and materialmen and persons who supply such contractors with provisions or goods of any kind, all just debts due to such persons or to any persons to whom any part of such work is given, incurred in carrying on such work agreed to be done and performed by the said above bounden E. B. Evans and C. A. Hoshour, and also shall well and truly save and keep harmless the said Gulf, Colorado & Santa Fé Railway Company from the payment of any and all liens, claims, demands, costs, suits, judgments, and executions that may be made, taken, rendered, had, or obtained against the said Gulf, Colorado & Santa Fé Railway Company or its property by reason of the nonpayment of any of the debts, claims, or demands of any of the several parties hereinbefore mentioned and provided for, and shall duly perform and observe all the stipulations and agreements contained in said contract and on his part to be performed and observed, * * * then this obligation shall be null and void; otherwise to be in full force and virtue."

This language is very similar to the language of the bond in the present case, and the Supreme Court, in construing it, held that it did not contain any promise on the part of Evans and Hoshour to pay those persons who might contract with them during the progress of the work, but that it was simply the expression of a condition upon which their liability to the railway company is denied and for a breach of which they would be liable to the company itself. The language so construed by the Supreme Court is perhaps stronger, in support of the position assumed by appellee, than the language of the bond we are considering, and yet that court held that it was the mere expression of the conditions under which the sureties would be liable to the railway company, the named obligee in the bond, and afforded no right of action thereon in favor of materialmen. There is no provision of the bond or contract entered into for the erection of the Anderson county courthouse, which may be looked to in determining the nature and extent of appellant's liability, or fact disclosed by the report of the cases mentioned, which, in our opinion, tends to lessen the force of the language of those cases when attempted to be applied in the case at bar, or which renders altogether inapplicable those cases. The trial court correctly held that Anderson county, in declaring that Kelly had breached his contract for the erection of the building, and in taking over the work of its construction, proceeded under article 5 of said contract and not under the addenda provisions thereof; that the option given to said county to proceed in accordance with the addenda provisions of the contract upon the happening of the contingencies therein specified was a mere personal privilege of the county, to be exercised or not as the county then elected, and to the exercise of which materialmen had no vested rights, and to the exercise of which by the county were attached conditions precedent

which were not performed by the county, therefore the appellee had no right to recover herein against the contractor or his surety by reason or anything contained in the addenda provisions of the contract, but that such provisions might be looked to along with other provisions of the contract and bond in determining whether the bond was intended to indemnify the county alone, or was intended also for the protection of materialmen. We agree with appellant that to affirm this case would be to expressly overrule the decision in the case of General Bonding & Casualty Ins. Co. v. Waples Lumber Co., supra, in which a writ of error has been refused by our Supreme Court. The following are some of the other Texas cases which announce the same principle on similar bonds: Garrett v. McAdams, 163 S. W. 320; Wilkerson & Satterfield v. McMurray, 167 S. W. 278; Dean v. McAdams, 172 S. W. 762.

There are reported cases in Texas in which it has been held that materialmen and lienholders were beneficiaries and entitled to a right of action against the sureties on a contractor's bond for the erection of a building. We cite some of those cases. Republic Guaranty & Surety Co. v. Cameron & Co., 143 S. W. 317; Texas Glass & Paint Co. v. Southwestern Iron Co., 147 S. W. 620; United States Fidelity & Guaranty Co. v. Thomas, 156 S. W. 573; Nelson v. Stephenson, 168 S. W. 61; Texas Glass & Paint Co. v. Crowdus (Sup.) 193 S. W. 1072. In every such case, so far as our knowledge extends, the bond itself, or the contract requiring its execution, provided, in effect, that the claims of materialmen, or such as were entitled to liens, be paid by the principal and sureties on the bond or that the bond should enure to the benefit of such creditors. No such provision is contained in the contract or bond in this case. So it follows that, under the decisions of this state, the language of the defeasance clause of the bond, and upon which appellee in the main bases his right of recovery against the appellant, must be construed and held to be simply the expression of a condition upon which the liability of appellant to Anderson county is defined and for a breach of which it would be liable to said county, and not to materialmen who may have furnished, under a contract with Kelley the contractor, material to be used in the construction of the Anderson county courthouse.

The appellee's counsel have filed in this court an able and exhaustive brief, in which is cited many cases from other jurisdictions which doubtless express a contrary view to that expressed by our Texas decisions. There seems to be a mass of decisions upon the subject, a number of which, rendered by courts of high standing, hold that on contracts for public work the obligation of the surety on the contractor's bond should be extended to materialmen to whom the surety had not expressly made his obligation payable. There seems to be, however, very reputable

foreign authority practically in accord with the decisions of our own courts. But whatever may be the rule in other states, the law of this state is well settled as hereinbefore stated and will be followed by us.

There are several other assignments of error, but they simply present in different forms the question discussed.

The case appears to have been fully developed, and it becomes our duty under the statute to render such judgment here as we think should have been rendered in the lower court. It is therefore ordered that the judgment of the district court be reversed, and that judgment be rendered in this court in favor of appellant, that appellee take nothing by his suit, and that appellant recover all costs.

Reversed and rendered.