## SOUTHWESTERN PORTLAND CEMENT CO. v. O. C. McELRATH CONST. CO. et al.

(District Court, D. New Mexico. August 10, 1925.)

No. 1430.

**1. States ⚖➝108½.**

In New Mexico, no lien exists in favor of laborers or materialmen on state contracts.

**2. Highways ⚖➝113(5)—Materialman held to have cause of action in its own name on state contractor's bond incorporating contract specifically requiring contractor to pay for materials.**

Company, failing to receive payment for cement furnished state contractor, *held* to have cause of action in its own name on contractor's bond, which incorporated contract specifically requiring contractor to pay such claim.

**3. Highways ⚖➝113(5).**

Action on state contractor's bond under New Mexico Code of Civil Procedure is maintainable in materialman's own name.

At Law. Action by the Southwestern Portland Cement Company against the O. C. McElrath Construction Company and the United States Fidelity & Guaranty Company. On last named defendant's demurrer to complaint. Demurrer overruled.

E. R. Wright, of Santa Fé, N. M., for plaintiff.

F. A. Catron and C. C. Catron, both of Santa Fé, N. M., for U. S. Fidelity & Guaranty Co.

PHILLIPS, District Judge. On October 10, 1922, the defendant O. C. McElrath Construction Company, hereinafter called construction company, made and executed a contract with the state of New Mexico, for the construction of federal aid project No. 82. On October 20, 1922, the construction company and the defendant United States Fidelity & Guaranty Company, hereinafter called the surety company, entered into a bond with the state of New Mexico conditioned for the faithful performance of "all obligations under said contract." A copy of the contract was attached to the bond, and by express reference in the bond was incorporated into and made a part of the bond.

The contract contained the following provision:

"It is an essential part of this contract and bond furnished in connection therewith that the contractor is obligated to pay in full all just claims for labor, material, and supplies furnished for the construction and completion of this contract."

Plaintiff furnished certain cement to the construction company, which was used in the construction and completion of the contract, and brings this suit against the construction company and surety company to recover therefor.

Defendant surety company has demurred to the complaint upon the ground that under the facts plaintiff has no cause of action upon the bond.

[1-3] In New Mexico, no right to a lien exists in favor of laborers and materialmen on state contracts. I am convinced that the provision of the contract last above quoted, which by reference is incorporated into and made an integral part of the obligation of the bond, was incorporated therein for the express purpose of protecting laborers and materialmen. If this be a true construction of the contract and bond, the construction company, the principal, has breached the terms of the bond by failing to pay for the cement, and a cause of action has arisen upon the bond in favor of plaintiff. The plaintiff is the real party in interest. Under the Code of Civil Procedure, as construed by our Supreme Court in Merchants' National Bank v. Otero et al., 175 P. 781, 24 N. M. 598, plaintiff may bring this action in its own name.

The demurrer will therefore be overruled.