**FIRST NAT. BANK OF HOT SPRINGS, N. M., v. CAPLES.**

(Circuit Court of Appeals, Fifth Circuit. January 31, 1927.)

No. 4772.

1. **Limitation of actions** ⊜2(1)—**Action by assignee of claims against public contractor on bond given in New Mexico held not governed by Texas statute of limitation (Rev. St. Tex. 1925, art. 5526).**

Action by assignee of claims against public contractor on bond given in New Mexico, brought more than two years after completion of work, held not barred by Rev. St. Tex. 1925, art. 5526; the contract being governed by the law of New Mexico, under which it inured to the benefit of laborers and materialmen.

2. **Courts** ⊜8—**Highways** ⊜113(5)—**Liability under public contractor's bond held governed by law of state where given, and rights created thereby enforceable in other jurisdictions.**

Bond of public contractor, given in New Mexico, held governed by the law of that state, and rights created thereby enforceable in courts of other jurisdictions.

3. **Highways** ⊜113(5)—**Under New Mexico law prior to 1923, public contractor's bond inured to benefit of laborers and materialmen (Laws N. M. 1923, c. 136).**

Under the law of New Mexico prior to Laws 1923, c. 136, a public contractor's bond inured to the benefit of furnishers of labor, material, and supplies to the principal in the bond for performance of the work contracted for.

In Error to the District Court of the United States for the Western District of Texas; Charles A. Boynton, Judge.

Action by the First National Bank of Hot Springs, N. M., against E. A. Caples. Judgment for defendant, and plaintiff brings error. Reversed and cause remanded, with directions.

Edward D. Tittmann, of El Paso, Tex. (W. H. Fryer, of El Paso, Tex., on the brief), for plaintiff in error.

E. F. Cameron, of El Paso, Tex. (John F. Weeks and Wallace, Knollenberg & Cameron, all of El Paso, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the plaintiff in error against the defendant in error on a bond made by the latter and a surety to the state of New Mexico, with condition for the faithful performance by the defendant in error of a contract for the doing of certain public road work in New Mexico; the claims asserted by the suit being based on assignments to plaintiff in error of described claims for labor, material, and supplies furnished more than two years before the suit was brought, for the doing and completion of the work called for by that contract. That contract contained the following: "It is an essential part of this contract and bond furnished in connection therewith that the contractor is obligated to pay in full all just claims for labor, material, and supplies furnished for the construction and completion of this contract."

[1] The court ruled that the claims asserted were barred by the Texas statute (article 5526, Revised Civil Statutes of Texas 1925) prescribing a limitation of two years for actions for debt, where the indebtedness is not evidenced by a contract in writing. That ruling is sought to be supported by Texas decisions to the effect that a bond given for the faithful performance of a contract, containing such a provision as the one above set out, does not inure to the benefit of third parties furnishing labor, material, or supplies

to the contractor. General Bonding & Casualty Ins. Co. v. Waples Lumber Co. (Tex. Civ. App.) 176 S. W. 651; Equitable Surety Co. v. Mosher Mfg. Co. (Tex. Civ. App.) 202 S. W. 788.

[2, 3] The bond sued on and the contract mentioned therein are New Mexico contracts, are governed by the law of that state, and rights created thereby are enforceable in courts of other jurisdictions. Decisions rendered since the above mentioned ruling was made, one by the Supreme Court of New Mexico, and the other by the United States District Court for the District of New Mexico, convincingly show that under the law of that state such a bond as the one sued on inures to the benefit of furnishers of labor, material, and supplies to the principal in the bond for performance of the work contracted for. Southwestern Portland Cement Co. v. Williams & Southern Surety Co. (Supreme Court of New Mexico, August 28, 1926), 251 P. 380; Southwestern Portland Cement Co. v. O. C. McElrath Const. Co. (D. C.) 11 F.(2d) 910. Those decisions are in harmony with decisions in other jurisdictions to the effect that a third person may enforce a promise made for his benefit, though he is a stranger both to the contract and the consideration (6 R. C. L. 884), and support the conclusion that the asserted right of action existed prior to the enactment by the Legislature of New Mexico in 1923 (Laws 1923, c. 136) of a statute dealing with such bonds, and prescribing regulations governing actions thereon by furnishers of labor, material, or supplies.

We conclude that the plaintiff in error, as assignee of the described claims, had a right of action under the bond mentioned, and that that right of action was not subject to the limitation pleaded. The judgment is reversed, and the cause is remanded, with direction that a new trial be granted.

Reversed.